Stratton v. The People.

when the writ of error did not lie from the Supreme to the probate court of any county in the Territory or State.

The cases of *Willoughby* v. *George*, 4 Col. 22, and *Lundin* v. *Kansas Pacific Railroad Company*, Id., cited by the learned counsel in his quite ingenious argument as authority for constituting the proviso in section 447 of the Code, as he expresses it, the "solitary *tabula in naufragio*," by which the writ was preserved to cases pending before the Code took effect, refer only to district and not to probate courts; the writ to the latter court, although not to the former, being shielded from the Code by the express terms of the constitution. To this extent the constitution itself becomes a saving "*tabula*" in the destroying *naufragium* in which the Code sought to engulf the common law.

The motion to dismiss the writ will be overruled.

*Motion overruled.*

---

## STRATTON v. THE PEOPLE.

1. Conscientious scruples against the infliction of the death penalty, do not in a capital case, necessarily disqualify the juror entertaining them.

2. If notwithstanding his conscientious scruples he will render a verdict in accordance with the law and the evidence, and if upon this point his answers have no uncertainty, this is all the law requires.

3. When the court upon its own motion or upon the application of a juror in the exercise of its discretion in the matters of excuse or exemption, excuses a juror for an insufficient cause, it is no ground for reversal. But the rule cannot be applied when there was a challenge for cause, and a judgment upon the challenge.

4. Under the statute (Secs. 812 and 1,479, Gen. Laws), after the regular panel has been exhausted, the court may order a tales, but the prisoner has the right to object to the depletion of the panel on insufficient grounds.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. BROWNE & PUTNAM and Mr. J. Q. A. KING, for plaintiff in error.

The ATTORNEY-GENERAL, for defendants in error.

ELBERT, C. J.   The plaintiff in error was indicted for the murder of one Daniel Farr, tried at the January term, 1879, and convicted of manslaughter.   The only errors complained of were in the selection of the jury.   The jurors, Cheever, Roblin and Eyser, stated in their examination that they were opposed to capital punishment, and were then challenged for cause by the people.   On the further examination of Cheever and Roblin, it was disclosed that on their consciences and on principle they thought the law which provided for the infliction of the death penalty in any case was wrong, but they each announced that if they were empaneled as jurors in a jurisdiction where the law provided the punishment of death for crime, and the evidence in the case required them to return a verdict which would result in a death-sentence, they could, notwithstanding their conscientious scruples, return such verdict, and would make their scruples subservient to their duty as jurors.

The exclusion of these three jurors upon the grounds stated is assigned for error.

Upon the jury as finally constituted there were two talesmen. Conscientious scruples against the infliction of the death-penalty do not necessarily disqualify a juror entertaining them. They must be such as would preclude him finding a verdict of guilty in a capital case, or from trying it fairly.   Bishop's Crim. Practice, Sec. 918, and cases cited.

The juror's oath gives the measure of his duty.   He is to well and truly try the issue joined, etc., and a true verdict render according to the law and the evidence.

If notwithstanding his conscientious scruples, he will render a verdict in accordance with the law and the evidence, and if upon this point his answers leave no uncertainty, this is all the law requires.   Beyond this the possibility of an advantitious

advantage to the prisoner, springing from the juror's convictions on the policy of the law, is an impracticable refinement which courts will not pursue.

In the case of the *Commonwealth* v. *Lesher*, 17 S. and R. 155, the juror answered, "that he had conscientious scruples on the subject of capital punishment, and that he would not, because he conscientiously could not, consent or agree to a verdict of murder in the first degree, death being the punishment, though the evidence required such a verdict." This was held (Gibson, J., dissenting) good cause for challenge.

In the case of *Gates* v. *The People*, 14 Ill. 434, the juror answered, "that he should be very reluctant to render a verdict of guilty of an offense punishable with death, even if his judgment was convinced of the prisoner's guilt; that he would probably be the last juror to agree to such a verdict, but he did not know but what he might be starved to render it; he thought he should hang the jury and thus defeat a verdict of guilty.

Treat, C. J. says: "A juror ought to stand indifferent between the prosecutor and the accused. He should be in a condition to find a verdict in accordance with the law and the evidence. On principle it is a good cause of challenge to a juror in a capital case that he has conscientious scruples on the subject of punishment by death, that will prevent him from agreeing to a verdict of guilty. * * * It would be a mockery to go through the forms of a trial with such a person on the jury. The prisoner would not be convicted, however conclusive the proof of his guilt."

In the case of the *State* v. *Ward*, 39 Vt. 233, the answer of the juror left it, in the language of the court, "uncertain whether he would have been governed by the proofs in the case, or by his conscientious scruples, as to the right to punish with death," and it was held that the juror was rightfully excluded.

It will be observed that in all these cases the conscientious scruples of the juror were such as would preclude him from finding a verdict in accordance with the law and the evidence, or, as in the last case, to leave it in doubt.

Stratton v. The People.

In the case of *Commonwealth* v. *Webster*, 5 Cush. 298, the juror answered that " he was opposed to capital punishment, but that he did not think that his opinions would interfere with his doing his duty as a juror; that as a legislator he should be in favor of altering the law, but he believed that he could execute it as a juror as it was." The court intimated to the juror that he must decide for himself whether the state of his opinion was such as would prevent his giving an unbiased verdict; that as he had stated it the court did not consider him disqualified.

In the case of *The People* v. *Wilson*, 3 Parker's C. R. 202, the juror first stated that he was opposed to the punishment of death, but said if sworn as a juror on a trial for murder, and the evidence of guilt was clear, he would find the accused guilty. The challenge was overruled. After being accepted and sworn, the juror corrected his former statement by saying that he could not under any circumstances convict one on a charge for murder. The decision that the juror was competent was vacated, the challenge opened, and the juror was set aside.

In the case of *People* v. *Stewart*, 7 Cal. 140, the juror answered that he was " opposed to capital punishment on principle." He was held not disqualified, as it did not appear that his conscientious scruples would, in the language of the statute, " preclude him from finding the prisoner guilty."

These citations sufficiently illustrate the distinctions taken by the authorities. Conscientious scruples, to disqualify, must be such as to preclude a finding of guilty in accordance with the law and the evidence.

And this is substantially the statutory rule, so far as we have been able to ascertain, in those States where the subject has been matter of legislation.

Where the court upon its own motion, or upon application of a juror, excuses a juror for an insufficient cause, it is not ground for reversal. The trial having been by a jury of good and lawful men, the prisoner cannot have been prejudiced. 1 Bishop Crim. Pro. Sec. 926; *United States* v. *Cornell*, 2 Mass. 91; *People* v. *Arcio*, 32 Cal. 40.

Stratton v. The People.

The rule, however, appears to be confined to cases where the court exercises its discretion upon matters of excuse or exemption. We find no case in which it has been applied where there was a challenge for cause, and a judgment upon the challenge.

The distinction seems to be that parties may object to the fitness of a juror and except to the judgment of the court respecting it, but they have nothing to do with his exemptions or excuses, upon which the court exercises a necessary and conceded discretion.

The reason of the distinction is, perhaps, to be found in the humanity of the law, which scrupulously guards the rights of the prisoner and challenges their least infraction. After the regular panel has been exhausted, the court may order a tales (General Laws, sections 812, 1479), but the prisoner has the right to object to the depletion of the panel on insufficient grounds.

Every person charged with murder must be furnished, previous to his arraignment, with a list of the jurors. (General Laws, Sec. 814.) This is not an unimportant right. It gives the prisoner and his counsel an opportunity to inquire concerning, and consider upon the character, dispositions and relations of those composing the regular panel, and to select such as they think will give the prisoner a fair and impartial trial. When the irregular action of the court compels a resort to talesmen, this right is impaired. *Atkins* v. *The State*, 16 Ark. 581.

In the case of *People* v. *Stuart*, 7 Cal. *supra*, Murray, J., says: "It is enough for us to know that the result might have been different; that the prisoner was entitled to be tried by a panel summoned in a particular way, and that the court erred in deciding that one of the jurors was incompetent."

The answers of the jurors, Cheever and Roblin, in the case at bar, did not show them disqualified, and the court erred in sustaining the challenge.

The judgment of the court below is reversed and the case remanded.

*Reversed.*