No. 11,321.

HENDRICKS v. THE PEOPLE.

Decided November 2, 1925.   Rehearing denied December 14, 1925.

Plaintiff in error was convicted of murder.

*Affirmed.*

On Application for Supersedeas.

1.  CRIMINAL LAW—*Review—Excessive Sentence.*   The Supreme Court is without authority to modify a sentence authorized by law.

2.     *Jury List.*   Where prior to arraignment defendant was furnished with a list of jurors in attendance, a new panel being summoned before he was brought to trial, a list of which was not demanded or furnished until the day of trial, the contention that a proper list of jurors was not furnished in apt time, is overruled.

3.     *Continuance.*   The matter of a continuance rests in the sound discretion of the trial court.

4.  WITNESSES—*Conviction of Crime.*   Where for the purpose of affecting his credibility a witness is interrogated as to his conviction of a crime, the inquiry is not confined to the mere fact of conviction, but the nature or name of the particular crime may be brought out.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. JOHN M. GLOVER, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error was convicted of the crime of murder and sentenced to the state penitentiary for a term of not less than thirty nor more than thirty-five years.

It is urged that the court erred in the following particulars: That the sentence of the court was excessive; that the defendant was not served prior to the day of trial with a list of the jurors, and denying his motion for a continuance; that the prosecution was permitted to cross-examine the defendant as to a prior conviction of a crime, and its nature.

The claim that the sentence was excessive cannot be sustained. Section 6665, C. L. 1921, provides that "Every person convicted of murder of the second degree, shall suffer imprisonment in the penitentiary for a term not less than ten years, and which may extend to life." The sentence is one authorized by law, and we are without authority to modify it. *Briola v. People,* 76 Colo. 489, 232 Pac. 924; *May v. People,* 77 Colo. 432, 236 Pac. 1022.

There was therefore no abuse of discretion, nor is there any ground for criticizing the trial court for the severity of its judgment. On the contrary, if criticism is at all due, it should be for extreme leniency, under circumstances showing an atrocious murder.

It is urged that a proper list of the jurors was not furnished the defendant in apt time. Section 7067, C. L. 1921, provides that: "Every person charged with murder * * * shall be furnished, previous to his arraignment, with a copy of the indictment and a list of the jurors * * *." The record discloses the fact that prior to the arraignment of the defendant, on January 10, 1925, he was furnished with a list of the jurors then serving in that division of the court. This was a compliance with the provision of the statute in that respect. Thereafter a continuance was had. A new panel of jurors was summoned for two weeks' service on March 9th, and the defendant was put

upon his trial March 16th. The new jury list was not demanded by defendant until the day of trial. After receiving the list, he moved for a continuance, which was denied. The record does not disclose that any challenges whatever were made by the defendant to any of the jurors. Moreover, there is nothing in the record to show prejudice or bias on the part of the jury, or that it was not a fair and impartial one. *Dougherty v. People*, 78 Colo. 43, 239 Pac. 14. There is no merit in this contention. The matter of a continuance rested in the sound discretion of the court. The record is clear that there was no abuse of discretion. *Griffin v. People*, 76 Colo. 422, 231 Pac. 1113; *Davis v. People*, 77 Colo. 546, 238 Pac. 25.

The defendant became a witness in his own behalf, and was asked on cross-examination by the district attorney if he had ever been convicted of a crime, which was answered by him in the affirmative. He was asked what the crime was, and he answered: "My wife and I had some trouble." The question being repeated, the defendant answered, over the objection of his counsel, that it was assault to do bodily harm. It was proper to permit the inquiry. "The inquiry is not confined to the mere fact of conviction of some crime, but the nature or name of the particular crime of which the witness was convicted may be brought out." 40 Cyc. 2610. See section 6555, C. L. 1921; *Davis v. People, supra.*

The court by an appropriate instruction, advised the jury that this testimony could be considered by them for no other purpose than as going to the credibility of the witness. This assignment is without merit. The evidence in the case clearly establishes the guilt of the defendant and leaves no room for doubt.

The record not disclosing any prejudicial error, the supersedeas should be denied and the judgment affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL not participating.