## No. 14,758.

### Sukle v. The People.
(111 P. [2d] 233)

Decided February 24, 1941.

Mr. George D. Patrick, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Gerald E. McAuliffe, Assistant, for the people.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

In a prosecution for murder the jury returned a verdict of guilty in the first degree, and fixed the penalty at death. Consistent judgment followed.

A point urged on error arises out of what occurred at the time of defendant's arraignment. The statute, '35 C.S.A., chapter 48, section 452, provides that "Every person charged with murder * * *, shall be furnished, previous to his arraignment, with a copy of the indictment [information], and a list of the jurors and witnesses." Preparatory to defendant's arraignment he was supplied with a copy of the information, upon which was endorsed the names of the people's witnesses; but a list of the jurors was not attached, nor was it otherwise furnished to defendant prior to his arraignment. Noting this omission, defendant's counsel called attention thereto, and, predicated thereon, objected to his client's arraignment, demanded compliance with the requirement, protested his enforced plea, and reserved an exception to an adverse ruling.

██ ██ Discussing the statute in relation to the requirement that a list of the jurors be supplied to defendant before he pleads, we have said: "This is not an unimportant right." *Stratton v. People,* 5 Colo. 276. In *Minich v. People,* 8 Colo. 440, 9 Pac. 4, noticing the Stratton case, we re-emphasized the importance of the "right" provided by the statute; but since in the latter case, "no objection whatever was interposed upon this ground either to arraignment or to impaneling the jury

and going to trial," we held the point had been waived. It is urged that like waiver obtained here; but dissimilarity of facts attends, as will be noted. Not only was defendant not furnished with a list of the jurors previous to the time he was called upon to plead, which he then protested, but the court, notwithstanding, and with full knowledge thereof, required the protesting and objecting defendant to submit to arraignment. In support of the court's ruling the cases of *Imboden v. People,* 40 Colo. 142, 90 Pac. 608, and *Hendricks v. People,* 78 Colo. 264, 241 Pac. 734, are called to our attention. The theory of the prosecution is, that since in addition to the objection which defendant interposed prior to arraignment, he did not again raise the question in some manner before the trial proceeded, he waived the point. In the Imboden case, while language employed in the opinion, considered abstractly and apart from what was being discussed there might be thought to hold that waiver resulted, the record shows that while in that case no list of the jurors was supplied prior to arraignment, objection thereto was not made on that score. Rather, the point was raised in support of a motion for continuance of the trial, and at a time when the jury list had been provided. Neither in that case, nor in the Hendricks case, did the defendant urge the failure to furnish him with a list of the jurors previous to his arraignment and before he pleaded. Here, defendant, emphasizing the appropriate statutory enactment, and invoking our announced doctrine that to have a list of the jurors before arraignment is an improtant right, amply and timely made the point. In the Hendricks case, it is further to be observed, defendant was furnished with a list of the jurors prior to arraignment, but due to a continuance of the case generally, and before the trial date was reached, a new panel had been summoned. The day of trial—not before—defendant demanded and received the new jury list. Denial of his motion for continuance, advanced on the ground that

he "was not served prior to the day of trial with a list of the jurors," not that he had invoked the statute here involved when he was called upon to plead, was the alleged error discussed in the Hendricks opinion. See, also, *Heller v. People,* 2 Colo. App. 459, 470-471 (31 Pac. 773), where, in the opinion, the court makes clear that prior to arraignment is the time, and the only time, when defendant may invoke the statute. Here, as already appears, defendant's counsel not only apprehended his client's rights under the statute, but in presentation thereof acted at the proper time. Thus proceeding, and having been thwarted by the prosecution, does it lie with that agency, the arraignment and plea having been required in the manner and time appearing, to say that defendant should have presented the question again and in other manner, failing which he stood to waive the right? We doubt the soundness of that contention. Clearly, as we perceive, the point is only pertinent when urged previous to arraignment, and, reasonably, only then may it be waived. Why the prosecuting officer, his attention having been directed to the statute, should have insisted on proceeding with arraignment, is not understandable; and why, holding the scales, the court did not give pause, is inexplicable. Denial to defendant of the benefit of the statutory procedural rule involved, timely and adequately invoked by the party to whom it was an important right, as we have declared, constituted potential and needless error, readily to have been apprehended and avoided. For the reason, however, that the judgment is to be reversed on another point, presently to be discussed, and since in any further trial the present point cannot arise, we do not pause for nice consideration of its gravity.

■■ Upon our own motion we take cognizance of the following: It appears that when the jury had deliberated for a considerable time, it came into court and submitted in writing the question whether on a verdict of murder in the first degree, with penalty fixed at life

imprisonment, defendant would be eligible for parole. Counsel for both parties being present, and the defendant as well, the court queried counsel as to the propriety of answering the jury's question. The response being favorable to such action, the court announced to the jury that the answer to their question was "yes." The verdict is ample evidence that the jury may well have been influenced by that answer.

We think the subject of the jury's inquiry was not of their proper concern, and the court's advise thereon, even with the consent of counsel, given in their presence, was highly improper. Refusal of defendant's counsel to consent to the action of the court, in the circumstances appearing, would have been fraught with grave peril to his client. In necessary sequence, the statute considered, the jury had to determine: (1) Whether defendant was guilty of murder; (2) if guilty, whether of the first or the second degree; and (3) if of the first degree, whether the punishment should be life imprisonment or death. In arriving at conclusion on the several questions calling for jury determination, the circumstances considered, the law required the jury to act on the history and facts of the case as disclosed by the evidence, and upon no other consideration. In importance, the extent of the punishment in a murder case is second only to the question of guilt; and once the jury determines that guilt has been established in the first degree, what the penalty shall be—solely of jury solution—becomes the prime question. The information which the jury elicited from the court, was applicable only in the event punishment was fixed at life imprisonment. It undoubtedly encouraged the jury to speculate on what the chief executive of the state, at some future time, acting pursuant to authority of law apart from the law under which the judiciary proceeds, might then conclude justice required at his hands. Prejudicial error is obvious. See *Polly v. People,* 107 Colo. 6, 108 P. (2d) 220.

Let the judgment be reversed.

Mr. Chief Justice Francis E. Bouck and Mr. Justice Otto Bock dissent.

Mr. Justice Otto Bock dissenting.

I regret my inability to concur. Relative to the first point decided, I assume that the opinion of the court does not hold that the failure to furnish the jury list, under the circumstances, was prejudicial error. As to that question, therefore, I make no further comment.

On the second point decided, I am persuaded that the answer by the trial court to the question of the jury as to whether defendant would be eligible for parole in case of a life sentence was not error. It was a matter within the sound discretion of the court, and that discretion was reasonably exercised. Unlike felonies generally, the jury in homicide cases has the sole responsibility of deciding, in first degree murder, the punishment—life imprisonment or death. This perhaps is the gravest responsibility cast upon a jury. When in the deliberation of such a serious problem it is desirous of receiving advice concerning the legal effect of its verdicts, it is entitled to all proper and reasonable assistance from the trial court, which in the present instance was supplied. There is no contention here that under the evidence the jury could not properly and legally impose the death penalty. Its action in arriving at the punishment was of course affected by the same human fallibility which is present in all such determinations, whether by court or jury, which cannot, in the very nature of events, be considered as prejudicial error, and we, as an appellate tribunal, should not intrude under those circumstances. In the absence of any prejudicial error, it would seem to me to be a usurpation of the sole responsibility of the jury, for us to refuse to affirm the judgment based upon its verdict.

In a recent well-reasoned opinion, *State v. Carroll,* 52 Wyo. 29, 69 P. (2d) 542, 557, a case in which the facts are very similar to those in the case at bar, although the circumstances were somewhat more favorable to defendant than in the instant case, the Supreme Court of Wyoming affirmed the death sentence. See, also, 23 C.J.S., p. 1053, §1379; *State v. Barth,* 114 N.J.L. 112, 116, 176 Atl. 183, 185.

In my opinion, the judgment should be affirmed.