No. 15,090.

SUKLE *v.* THE PEOPLE.
(125 P. [2d] 151)

Decided April 20, 1942.

Mr. GEORGE D. PATRICK, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, As-
sistant, for the people.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

THE record in this case discloses the following undis-
puted facts: September 30, 1939, at about 10:30 a.m.,
plaintiff in error, to whom we hereinafter refer as de-
fendant or by name, purchased a revolver at a loan
office in Colorado Springs, Colorado, and proceeded to
the home of Jack Russell, whom he had known for a
few years, and asked him to drive him to the Black
Forest, in El Paso county. Russell agreed to this re-
quest, for which service he was to receive five dollars.
One Eppler, at about 2:30 p.m. of the same day, saw
and talked to Sukle in the Black Forest and took the
license number of the automobile in which he was rid-
ing. Later, learning that the sheriff was looking for
defendant and Russell, Eppler, October 5, 1939, reported
the incident of seeing Sukle, to that official, and gave
him the auto license number. Immediately thereafter
the sheriff organized a party to make an investigation
in the vicinity of Eppler's ranch, with the result that
the body of Russell was found that afternoon. The coro-
ner and a photographer were summoned, the former
taking charge of the body and the latter taking photo-
graphs of the condition of the surrounding premises.
October 9, 1939, Sukle surrendered to the sheriff, at
which time he confessed in detail to the officers the
manner in which he had killed Russell and his activities
in connection with the homicide, all of which corrobo-
rated the incidents set out in the above recital. The
motive for this tragic deed, according to a witness for
the defense, grew out of some domestic difficulties.

October 13, 1939, an information was filed in the district court of El Paso county charging defendant with the murder of Jack Russell. Defendant was twice tried on this charge, the jury in each instance returning a verdict of guilty in the first degree and fixing the punishment at death. We reversed the first judgment because of the action of the trial judge in advising the jury as to the possible effect of a verdict fixing the punishment of defendant at life imprisonment. *Sukle v. People,* 107 Colo. 269, 111 P. (2d) 233. Defendant is here by writ of error, seeking reversal of the second sentence and judgment. At the personal request of defendant we, on several occasions, extended the stay of execution so as to afford him an opportunity to bring the case up for a full review of any alleged errors. Three grounds are here urged for reversal: (1) The overruling by the trial court of an objection to a question propounded by the district attorney to a witness for the people, for the reason that the same was too general; (2) the admission of testimony of the coroner, given at the first trial, which was read. to the jury; (3) the alleged failure of the police officer to warn defendant at the time of his confession, that the same could be used against him, and that defendant was ignorant of his rights in that respect.

1. The question asked by the district attorney, objected to by counsel for defendant, and overruled by the court, was general in its nature. However, from the answer thereto, to which there was no objection, it is clear that the ruling by the court was not prejudicial to defendant.

2. A Sufficient foundation was laid by the prosecution to permit the admission of the testimony of the coroner given at the first trial. Every reasonable and diligent effort was made to locate the witness, but without success. Under these circumstances the admission of such testimony was not error. *Young v. People,* 54

Colo. 293, 130 Pac. 1011; *Henwood v. People,* 57 Colo. 544, 143 Pac. 373.

■ 3. The record is silent on whether defendant was advised concerning his rights before making the confession, or warned that his statements might be used against him, and also whether he was ignorant of his rights. He did not testify. It appears that the statements made by Sukle were voluntary; moreover, when his written statement was offered in evidence, his counsel stated that he had no objection thereto. Under these circumstances, the admission of defendant's statements of his actions in connection with the offense was not error.

We have carefully read and considered the evidence and proceedings as disclosed by the record, and conclude therefrom that defendant had a fair and impartial trial, and received every protection to which he was entitled under the constitutional guarantees.

The judgment is affirmed, and it is ordered that it be executed during the week commencing Monday, May 18, 1942.

Mr. Justice Hilliard not participating.