## MOHAWK DRILLING CO. v. WOLF.
### No. 35889.

Supreme Court of Oklahoma.
Oct. 20, 1953.

Rehearing Denied Nov. 10, 1953.

Ram Morrison, Oklahoma City, for plaintiff in error.

W. A. McDaniel, Seminole, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties herein occupied reverse positions in the trial court and hereafter they will be referred to as they there appeared.

This action is bottomed upon the following facts: The plaintiff brought suit against the defendant to recover damages. She alleged in substance that as a restricted Indian she was the owner of certain lands in Seminole County, Oklahoma; that on March 15, 1946 she gave an oil and gas lease on said premises; that in 1950 she gave an agricultural lease on the premises to R. F. Tarpley for the year 1951; that during 1951 defendant drilled an oil and gas well upon the premises under its lease; that in drilling the well, defendant wrongfully used water out of the pond on the premises which she had made by an earthern dam across a small branch; that the defendant paid the tenant Tarpley for the use of the water instead of paying her; that Tarpley, the tenant, had no right or title to the water and was guilty of wrongfully and unlawfully selling the water to the defendant; that the defendant was equally guilty of coverting the water and was liable to plaintiff for the reasonable value of the water in the sum of $150. Upon a stipulation of facts the trial court rendered judgment for plaintiff for $100. Defendant appeals from this judgment.

Defendant admitted all the allegations except that it wrongfully used the water, and pleaded that it was in possession under

its oil and gas lease and denied committing any waste.

Defendant contends, among other things, that the trial court erred in rendering judgment based upon conversion of real property.

The legality of the two leases involved herein is not questioned.

Defendant admittedly was in possession under the terms of its oil and gas lease. The oil and gas lease was an absolute grant without reservations to the lessee to use so much of the leased land as reasonably necessary to carry out the purpose of the lease.

The legal questions presented are: Did the agricultural lessee under the terms of his lease have a legal right to sell defendant the water from plaintiff's pond? Was defendant entitled to take and use the water under the terms of its oil and gas lease? Was there a wrongful taking of plaintiff's property?

■ There was no provision in the tenant's agricultural lease giving him authority to sell water from a water pond which was located upon the leased premises when leased. In the absence of such a provision in an agricultural lease, a tenant has no authority to sell water from a pond located upon the leased premises. Dellwo ·v. Edwards, 73 Or. 316, 144 P. 441.

■ By stipulation it was agreed that the reasonable value of the water used was from $50 to $100 depending on season, scarcity or availability of the water. It was admitted that defendant paid the farm tenant $100 for the water used from plaintiff's pond, but it is argued by defendant that under the circumstances in this case the subject matter is riparian water and governed by rights of riparian owners. We do not agree. We think the record clearly discloses that the water was impounded in an artificial pond or tank by the lessor for her own use for stock water or agricultural uses for her farm, and there are no provisions in the oil and gas mining lease which give the lessee the right to use, free of cost, the water so impounded. It, therefore, was without authority to appropriate the water for its own use. Arnold v. Adams, 147 Okl. 57, 294 P. 142.

■ The plaintiff owned the water in the pond on her premises and she was entitled to recover its value from anyone taking same without a contract to do so or by her permission. The plaintiff retained possession of the premises except when in conflict with the rights of the mineral lessee and the agricultural lessee, which rights, if not known, could be ascertained from recordation records of the county, and of which the lessees evidently had knowledge, or at least were so charged. The action of the mineral lessee and the farm lessee constituted an unlawful taking of the plaintiff's water and each are severally and jointly liable to plaintiff for the value of the water so taken.

Judgment affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.