## No. 20803.

ALONZO DURAN *v*. THE PEOPLE OF THE STATE OF COLORADO.
(399 P.2d 412)

Decided March 1, 1965.     Rehearing denied April 12, 1965.

386

Allyn W. Davis, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

This writ of error is another episode in what seems to be a continuing battle between Duran and one De-Herrera, the latter being a law enforcement officer in

Conejos County. See *Duran v. People,* 147 Colo. 491, 364 P.2d 206 where Duran's conviction for the simple assault of DeHerrera was affirmed.

In the instant case Duran was convicted by a jury of another assault upon DeHerrera, this time with a deadly weapon (C.R.S. '53, 40-2-34), and by writ of error Duran now seeks a reversal of his two to five year sentence in the state penitentiary. It is Duran's contention that the judgment must be reversed because:

1. the evidence is insufficient to support the verdict of the jury;

2. the trial court improperly permitted the district attorney to use the testimony of a witness given at the first trial of this matter, the present trial being necessitated by the fact that the trial court granted Duran's motion for a new trial after a jury's verdict that he was guilty of assault with a deadly weapon;

3. conversely, the trial court improperly denied Duran's request to use the testimony of one of his witnesses given at the earlier trial;

4. the trial court erred in admitting evidence as to the relationship between Duran and DeHerrera, which evidence revealed other assaults and threats by Duran against DeHerrera; and

5. the trial court erred in precluding Duran from showing his "real reason" for escaping from the county jail.

Upon trial DeHerrera testified that Duran, using a .30-.30 deer rifle, fired the "first" shot at him with no provocation whatsoever and that thereafter only by way of self-defense did he return fire with his police officer's pistol. Duran, however, claimed that it was DeHerrera who actually fired the "first" shot and that he was acting in self-defense. It is at once obvious that the issue as to just who was the aggressor and which one of the two was really acting in self-defense was a disputed matter. The jury having found that Duran was the as-

saulter, we are not at liberty to set aside this solemn determination, there being competent evidence in the record to support said finding.

As noted before, Duran was tried two times on the instant charge. The first trial also resulted in a verdict that Duran was guilty of assault with a deadly weapon, but upon motion this was set aside and Duran granted a new trial. Upon the second trial of this matter the District Attorney sought permission of the court, over objection, to use the testimony of one Dominquez, which testimony had been given at the first trial of the case. Thereafter, in the presentation of his case, Duran sought to do the same thing, i.e., use the prior testimony of one of his "missing" witnesses. The trial court granted the request of the District Attorney, but then denied Duran's request, all of which caused Duran to wonder about the nature of the judicial process!

■ The rule is well-established in Colorado that the testimony of a witness examined at a former trial may be read in a subsequent trial of the matter from the notes taken by the official stenographer when the witness is shown to be absent at the time of the subsequent trial, and that due diligence has been exercised to secure his attendance thereat. What constitutes "due diligence" is a matter residing in the sound discretion of the trial court and its ruling will not be disturbed unless there be an abuse thereof. See *Daniels v. Stock*, 23 Colo. App. 529, 130 Pac. 1031; *Young v. People*, 54 Colo. 293, 130 Pac. 1011; *Henwood v. People*, 57 Colo. 544, 143 Pac. 373; and *Sukle v. People*, 109 Colo. 363, 125 P.2d 151.

■ The record discloses that the District Attorney caused a subpoena to issue for the witness Dominquez and that the Sheriff thereafter made numerous efforts — all unsuccessful — to serve the subpoena on Dominquez, who had apparently left the state. On the other hand, Duran never requested the issuance of a subpoena for his "missing" witness and his "missing" witness was not

absent from the jurisdiction, but was actually in Denver. In an attempt to bolster his rather weak position in this regard, it was claimed at the last moment that the "missing" witness was ill, though there was no doctor's statement in support thereof. Faced with these two quite different factual situations, we find that the court was consistent — not inconsistent — in permitting the District Attorney to use the earlier testimony of Dominquez, and at the same time refusing Duran's request to use the prior testimony of his "missing" witness. There was no abuse of discretion in this regard.

■ As mentioned above, the trial court over objection admitted into evidence testimony tending to establish that for something over a year preceding the assault here in question, Duran had on about three separate occasions assaulted or threatened to assault DeHerrera. This testimony was admitted for the limited purpose of establishing motive and the specific intent which is an essential element of the crime of assault with a deadly weapon. The trial court committed no error in this regard. See *Jaynes v. People*, 44 Colo. 535, 99 Pac. 325. This ruling opened a "two-way street," in that it permitted the defendant to introduce testimony, which he did, tending to show that DeHerrera himself was possessed of a quarrelsome, troublesome nature and that each and every one of these prior incidents, as well as the assault for which he was then on trial, was the result of DeHerrera's desire to "get" Duran.

■ Without objection the District Attorney established that five days after Duran was jailed on the present charge he "broke out" of the county jail and remained at large for some six weeks. That such evidence is admissible see *Bernard v. People*, 124 Colo. 424, 238 P.2d 852. Duran was thereafter precluded by order of court from offering evidence that tended to show that conditions in the Conejos County jail were "intolerable" and that at the time of the escape he was being held without warrant. The record is not too clear whether

counsel for Duran was attempting to develop this line of evidence simply in the interest of good government, or as *the* reason why his client broke out of jail. In other words, the record does not contain any flat statement from counsel that *if* Duran were permitted he would testify that his escape was *not* prompted by any consciousness of guilt but only because of his strong aversion to living conditions in the jail. Assuming, however, that Duran was prepared to so testify, the trial court did commit error in its refusal to permit this line of testimony. In *State v. Wilson*, (Wash. 1951), 231 P.2d 288 the Supreme Court of Washington stated the rule to be as follows:

"The better rule is that approved by Wigmore, i.e., that whether or not there actually exists any reason for fear that induces flight, a defendant should have the right to explain the reason for his fear and his flight. That the explanation is fantastic, as the state here contends, is beside the point; the reasonableness of the defendant's explanation is for the jury in determining the weight to be attached to the circumstances of his flight."

■ But this "error," however, when viewed in context was not "substantial," hence not "prejudicial" and does not require a reversal of this judgment. This Court is mindful of the statutory admonition contained in C.R.S. '53, 39-7-17, wherein appears the following:

". . . . nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial right of the defendant on its merits."

The only real issue in this case was who was the assaulter, Duran or DeHerrera. Many eye witnesses, including the defendant and his "victim," testified as to their knowledge in this regard. In view of the inherent nature of the only issue in the case, it is hard to believe that the fact Duran, a two-time felon, escaped from the county jail five days later had any tendency "to prejudice the substantial rights of the defendant on the

merits." Finally, that the evidence of escape played an inconsequential role in the trial of this case is further demonstrated by the fact that no instruction regarding flight was even given the jury. It is for these reasons that we conclude any "error" in this regard was not "substantial" and therefore not "prejudicial."

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY concur.