546 P.2d 1289 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Karen Elaine McCABE, Defendant-Appellant.
No. 75-080.
Colorado Court of Appeals, Div. II.
December 4, 1975.
Rehearing Denied January 8, 1976.
*1290 Edward G. Donovan, Sol. Gen., Dan B. Fahrney, Michael B. Tully, Deputy Attys. Gen., Denver, for plaintiff-appellee.
Thomas H. May, Denver, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Defendant, who was convicted by a jury of theft, now seeks to overturn that conviction on the theory that she was precluded from presenting the testimony of alibi witnesses who would have conclusively established that she did not commit the crime charged. The appeal comes to us by virtue of the trial court's denial of defendant's motion for post-conviction relief under Crim.P. 35(b).
Two questions are presented: (1) Must the state pay the costs necessary to obtain material testimony from out-of-state witnesses; and (2) did the trial court abuse its discretion in denying defendant's request, made on the day of trial, for a continuance to secure the testimony of material witnesses. We hold that both questions must be answered affirmatively and that, since the trial court should have continued the trial in order that an attempt could be made to obtain testimony of certain witnesses, defendant's conviction must be set aside and the cause remanded for a new trial.
On the Friday before trial, which was scheduled to begin on a Tuesday, defense counsel learned that key alibi witnesses who had been scheduled to testify for the defense had unexpectedly proved unable, for financial reasons, to travel from their homes in California to Colorado for the trial. The People have not asserted that the defendant failed to provide to the district attorney notice of the alibi defense as required by § 16-7-102, C.R.S.1973, and Crim.P. 12.1. Defense counsel, upon learning that the witnesses would be unable to come, promptly notified the district attorney and, on the morning of trial, moved that the court grant a continuance. He argued that, in view of this unexpected financial inability of the witnesses and defendant's own indigence, "arrangements" should be made to bring the witnesses to Colorado so that they could testify that the defendant had been in California when the offense in question was committed. The trial court denied the motion and the request for its assistance in obtaining the presence of the witnesses. The judge held that the motion constituted an imposition on the court because the defendant had been granted a previous continuance, the arrangements for the trial had been concluded, and defense counsel had known for at least four days that he intended to make the request but had not done so until the day of trial.
While the decision to grant or deny a motion for a continuance is one resting within the sound discretion of the trial court, and while its ruling will not be disturbed without a showing that such discretion has been abused, People v. Buckner, 180 Colo. 65, 504 P.2d 669; Moore v. People, 164 Colo. 222, 434 P.2d 132, an appellate court, in reviewing such a decision, must consider the totality of the circumstances surrounding the request as reflected by the record. Miller v. People, 178 Colo. 397, 497 P.2d 992. See also Gonzales v. Harris, Colo., 542 P.2d 842, (Colo.Sup. Ct.1975). Here, such a consideration leads us to conclude that the trial court did, in fact, abuse its discretion.
In Colorado, an accused person has the right to invoke the power of the court to compel the attendance of witnesses on his behalf. Colo.Const. Art. II, Sec. 16. It has been held that upon request, the court *1291 has a duty to obtain, if possible, the presence of witnesses for the defendant. Osborn v. People, 83 Colo. 4, 262 P.2d 892. Although this right has been held to extend only to witnesses residing within the state, Baker v. People, 72 Colo. 68, 209 P. 791, the rationale supporting that limitation on the duty of the court has been the absence of any means by which the state could compel the presence of out-of-state witnesses. However, after the decision in Baker, supra, the Colorado Legislature enacted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, § 16-9-201 et seq., C.R.S.1973. That statute provides a method whereby, among states that have adopted the act, a court of one state may certify the need for the appearance and testimony of a material witness residing in another state and thereby invoke the authority of the court in the resident state to compel the witness's attendance in the certifying court. Hence, at least under the circumstances specified in the statute, a Colorado court may now compel the attendance of out-of-state witnesses. We take judicial notice that California has enacted this Uniform Act. Cal.Penal Code § 1334 et seq.
Crim.P. 17(b) provides that, in the case of an indigent defendant, the costs and fees of securing the attendance of witnesses on his behalf are to be paid in the same manner in which similar costs and fees are paid in the case of a witness who testifies on behalf of the state. Section 13-33-102(5), C.R.S.1973, authorizes the payment of witness fees as provided in § 16-18-101, C.R.S.1973. Although the former statute refers to the daily fees of a witness rather than mileage fees per se, we see no reason for treating one fee differently from the other. Finally, § 16-18-101, C.R.S.1973, provides:
"The costs in criminal cases shall be paid by the state ... when the defendant is acquitted or when the defendant is convicted and the court determines he is unable to pay them."
This section refers to all costs that are incurred by the People in the prosecution of a criminal case. Board of Commissioners v. Wilson, 3 Colo.App. 492, 34 P. 265.
Thus, returning to the language of Crim.P. 17(b), we conclude that the expenses of obtaining the testimony of witnesses for an indigent defendant must be paid by the state. To claim the benefits of Crim.P. 17(b), a defendant must establish his indigency to the satisfaction of the court. That determination of indigency also establishes whatever the outcome of the trial, the duty of the state to bear the entire costs of the criminal proceeding as provided in § 16-18-101, C.R.S.1973. And, since the state will ultimately pay the costs of securing the witnesses for the defendant, there is no legal justification for holding that it is not liable for advancement of such costs as mileage and witness fees as contemplated by the Uniform Act. See § 16-9-203(2), C.R.S.1973.
Here, the testimony of the alibi witnesses would, if they testified as represented to the trial court and if their testimony were believed, establish the innocence of defendant. Thus their testimony was plainly material and essential to the defense. Also, assuming that defendant can substantiate her claim of indigency, the costs of securing the testimony of the witnesses would, as we have concluded above, be an obligation of the state, and the trial court would be under an obligation either to issue the necessary certificates under the Uniform Act in an attempt to obtain their presence for defendant's trial or otherwise to arrange that their testimony be secured. Since the testimony of these witnesses might well have led to defendant's acquittal, it follows that it was an abuse of discretion to deny defendant a continuance for the purpose of determining whether the provisions of § 16-9-203, C.R.S.1973, and Crim.P. 17(b) would be applicable or whether some other method of obtaining the witnesses' testimony might be available. See State v. Eller, 84 Wash.2d 90, 524 P.2d 242.
*1292 In support of the trial court's decision, the People note that counsel for the defense had not, at the time of his request, followed the procedure specified in the Uniform Act, contending that such failure renders moot the substantive issue. See State v. Mance, 7 Ariz.App. 269, 438 P.2d 338. We neither approve of this deficiency nor condone the failure of defense counsel to advise the court at the earliest possible moment of the inability of the witnesses to attend. However, since the real issue concerns the federal and state constitutional rights of the defendant, the reasons given by the trial court were not sufficient to support its denial of the motion. Procedural requirements should not be applied in a criminal case in such a manner as to abridge a fundamental constitutional right of the defendant. State v. Edwards, 68 Wash.2d 246, 412 P.2d 747. See Cutshall v. Tollett, 318 F.Supp. 1330 (E.D. Tenn.); cf. Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297.
The People cite several cases in which other states, construing the Uniform Act, have reached a contrary conclusion. See Vore v. State, 158 Neb. 222, 63 N.W.2d 141; State v. Fouquette, 67 Nev. 505, 221 P.2d 404; State v. Blount, 200 Or. 35, 264 P.2d 419. In concluding that the courts lack the ability to compel the attendance of out-of-state witnesses for an indigent defendant, each of these courts relied upon the silence of the Uniform Act as to the source of any money to be paid to the witness. In Colorado, the failure of the Uniform Act to address this issue does not, in our view, support this conclusion since the statutes and rules of criminal procedure previously cited both create the obligation and provide for payment.
The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
RULAND and KELLY, JJ., concur.