The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Thomas Elton HOLDER,
Defendant-Appellant.

No. 78–1076.

Colorado Court of Appeals,
Div. III.

Feb. 5, 1981.

Rehearing Denied March 12, 1981.

Certiorari Denied Aug. 17, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his conviction by a jury of two counts of aggravated robbery and one count of conspiracy. We affirm.

The record discloses that defendant and Ron Lieser, the prosecution's primary witness, participated in two robberies in Colorado Springs on May 8 and 9, 1976. Defendant was apprehended in Cheyenne, Wyoming, on the night of July 24, 1976, following an attempted robbery of a movie theater. He was injured during that incident and was taken to a hospital from which he escaped the following morning. Defendant was recaptured around noon on July 26.

While defendant was at large, Cheyenne police officers received information concerning an unattended van from residents of an area close to the scene of the attempted robbery. They reported seeing a man park the van on the afternoon of July 24 and leave immediately thereafter in a station wagon driven by a woman. A Cheyenne police officer searched the van on July 26 and discovered several items bearing Holder's name. Realizing that the van belonged to the escaped suspect, the officer ordered its impoundment. During the search of the van a motel receipt from the Garden Valley Motel in Colorado Springs was discovered.

During their investigation of these events, police officers determined that defendant had checked into a Cheyenne motel with Lisa Thorne. When Thorne was questioned, she consented to a search of the motel room and expressed concern about her car. The police located her car, searched it, and had it impounded. During the search of the car, they discovered a sawed-off shotgun in an unlocked briefcase and a radio scanner in an open travel bag. The briefcase and the travel bag belonged to defendant.

Defendant first argues that the evidence taken from his van and from Thorne's car was seized illegally and should have been suppressed. We disagree.

■ Defendant's motion for new trial failed to preserve any question respecting the items seized from his van. Because we do not view the trial court's ruling on this issue as plain error, we do not review it on appeal. See Crim. P. 33(a); People v. Coca, 39 Colo.App. 264, 564 P.2d 431 (1977).

■ Defendant lacks standing to contest the search of Thorne's automobile. The trial court found on conflicting evidence that Thorne gave the police permission to secure her vehicle. While such consent would not automatically authorize a search of the contents of a briefcase pursuant to an inventory search, see People v. Counterman, 192 Colo. 152, 556 P.2d 481 (1976), property law concepts are not necessarily determinative of standing to challenge police activity under the Fourth Amendment. The inquiry extends beyond ownership or possession of the property seized to considerations of whether the defendant had a reasonable expectation of privacy in the area searched. See Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Rakas v. Ill., 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). See also People v. Spies, Colo., 615 P.2d 710 (1980).

■ Here, defendant did not own the automobile. He was neither in possession thereof nor a passenger therein at the time of the search. Under these circumstances, we conclude that defendant had no reasonable expectation of privacy in the contents of the open travel bag and the unlocked briefcase which had been left in Thorne's vehicle. See Rawlings, supra.

■ Defendant further argues that the trial court erroneously admitted certain records of long distance phone calls into evidence as business records. We disagree.

The bookkeeper of the Garden Valley Motel in Colorado Springs testified that on the weekend the robberies occurred two long

distance phone calls were placed from one of the motel rooms occupied by defendant to an apartment in Santa Fe where Thorne was then residing. Her testimony was based on motel and telephone company records. Describing her practice during 1976 regarding the recording of telephone call information, she stated that she would receive a teletyped document from the telephone company indicating the area code, number, and charge for each call placed from a motel room immediately after the call was completed; that she then immediately calculated the tax on the indicated charge; and that she then posted the total of the charge and the tax to the customer's account. She further stated that each month she received a telephone company bill for long distance calls originating at the motel during the billing period. The teletyped documents, reflecting defendant's calls and the bookkeeper's handwritten calculations, as well as the telephone company statement covering the time in question, were admitted into evidence over defendant's objection.

■ Defendant contends that the bookkeeper was not the proper custodian of the records admitted because the telephone company, not the motel, supplied the information concerning the telephone numbers. However, under Crim. P. 26.2(b), the bookkeeper's lack of personal knowledge concerning the accuracy of the telephone numbers would only affect the weight of the evidence, not its admissibility. Here, sufficient guarantees of trustworthiness and accuracy to justify application of the business record exception to hearsay evidence were present. *See Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

■ Defendant's contention that the two counts of robbery charged in the indictment involve separate and distinct offenses and were improperly joined for trial is without merit. The testimony of Ron Lieser supports the conclusion that the two robberies were based on a "series of acts arising from the same criminal episode." Hence, the trial court's ruling was correct. Crim. P. 8(a); *People v. Pickett*, 194 Colo. 178, 571 P.2d 1078 (1977).

■ Defendant further argues that the trial court erroneously refused to issue an inter-state subpoena for a proffered defense witness, James Lark, who would have testified that he had observed the shotgun found in Lisa Thorne's automobile in Ron Lieser's home. The state has a duty to procure the attendance of out-of-state witnesses who will provide material testimony on behalf of an indigent defendant. *People v. McCabe,* 37 Colo.App. 181, 546 P.2d 1289 (1976). However, in light of the overwhelming evidence of guilt in the record, we conclude that the failure to subpoena Lark constitutes harmless error. *See Early v. People*, 178 Colo. 167, 496 P.2d 1021 (1972).

■ Defendant's final argument that the trial court erroneously denied defendant's mistrial motions is also without merit. The decision whether to grant a mistrial is within the sound discretion of the trial court, and we find no abuse of discretion here. *People v. Anderson*, 184 Colo. 32, 518 P.2d 828 (1974).

Judgment affirmed.

ENOCH, C. J., and SMITH, J., concur.