The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Kerry WILLIS, Defendant-Appellant.

No. 81CA0115.

Colorado Court of Appeals,
Div. II.

April 21, 1983.

Rehearing Denied May 12, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert Brown, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Normando R. Pacheco, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Kerry Willis, appeals his conviction for aggravated robbery, aggravated assault, and two counts of crime of violence. Defendant claims that the court committed reversible error in refusing to allow him to present testimony from a witness endorsed by the People, but not listed by the defendant in his discovery disclosure. We agree and, accordingly, reverse the judgment of conviction and remand for new trial.

Defendant was tried in connection with a robbery which took place at approximately 2:30 a.m. on August 17, 1980, in the parking lot of the Cloud Nine Bar in Colorado Springs. In pretrial discovery, defendant had stated he would rely on the defense of general denial and alibi. During the prosecution's case-in-chief, defendant disclosed that he had inadvertently failed to endorse as a witness the janitor at the Cloud Nine Bar, whom he intended to call to rebut the testimony of co-defendant Debra Marshall. At the close of the prosecution's case, defendant formally sought leave to call the janitor, whose proffered testimony differed substantially from the version of events offered by the co-defendant. The prosecution itself had endorsed the witness, and the

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

substance of his testimony was part of the police report included in the information.

The defendant had endorsed his other witnesses in a timely manner, and the court found no indication of wilfulness in defendant's non-compliance with its discovery order. The witness was available in the courtroom, although the People had not interviewed him since the initial investigation, and defendant recommended that the People conduct an *in camera* examination or request a continuance to permit the prosecution to investigate the witness and his story. *See People v. Bailey,* 191 Colo. 366, 552 P.2d 1014 (1976).

The trial court refused to hear the janitor on grounds that the defense, as well as the prosecution, is bound to comply with the rules of discovery by giving notice of witnesses for its case-in-chief.

Under the rules of discovery applicable to criminal cases, a party's failure to comply with a pre-trial order requiring listing of witnesses may result in the imposition of sanctions. Crim.P. 16, Part III (g). Here, however, if the witness testified as represented to the trial court, and if that non-cumulative testimony were believed, it would tend to support defendant's plea of not guilty. Although the admission of testimony to contradict evidence adduced in the case-in-chief is largely discretionary with the trial court, *People v. Cole,* 654 P.2d 830 (Colo.1982), when such a ruling substantially prevents negation of the People's direct testimony, then defendant's right to a fair trial has been abridged and the ruling constitutes an abuse of discretion. *See People v. Muniz,* 622 P.2d 100 (Colo.App.1980); *see also People v. McCabe,* 37 Colo.App. 181, 546 P.2d 1289 (1976). Thus, it was error to apply discovery sanctions to preclude the janitor's testimony.

Defendant also claims a violation of his right to due process by the court's erroneous admission of identification testimony which defendant claims was the product of an impermissively suggestive identification procedure. The detective assigned to the case presented a proper photo array to witnesses, but after none of the witnesses made an identification, on request from the witnesses, he displayed a single picture of defendant to them.

At the core of the trial court's ruling admitting an in-court identification by one of those witnesses, is its finding after an *in camera* hearing, that the witness was not corrupted by the suggestive display of defendant's photograph. *See Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). While we agree that the procedure was unnecessarily suggestive, there is evidence in the record to support the trial court's factual determination that the witness had not been exposed to the corruptive effect of any suggestive procedure, and thus we are bound thereby. *People v. Mack,* 638 P.2d 257 (Colo.1981); *People v. Parks,* 195 Colo. 344, 579 P.2d 76 (1978). Under the circumstances, it was not error to allow the witness to give identification testimony.

Defendant's remaining contention is without merit.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and SMITH, JJ., concur.