The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jose Philigonio ARGUELLO, Defendant-Appellant.

No. 85CA0856.

Colorado Court of Appeals, Div. II.

March 5, 1987.

Rehearing Denied April 2, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Jose Philigonio Arguello, appeals from the judgment of conviction entered and the sentence imposed following a jury verdict finding him guilty of sexual assault on a child. He contends that the trial court erred by ruling that the victim was unavailable as a witness, thereby admitting her testimony from previous trials and other hearsay statements into evidence, and by considering improper factors in sentencing. We affirm.

Defendant was charged with sexual assault on a child in connection with an alleged incident involving a six-year-old girl. He was tried on this charge on three separate occasions. The trial court declared a mistrial during defendant's first trial on this charge, and granted defendant's motion for a new trial following his conviction in his second trial. The victim testified at both of defendant's previous trials.

Shortly before defendant's third trial, the prosecution advised the trial court that the victim's mother and stepfather, who resided in Texas and had custody of the victim, "absolutely refused" to bring the girl back under any circumstances to testify for a third time. The child was then age seven.

The prosecution asserted that the victim therefore was unavailable to testify, and sought to introduce the victim's testimony in the second trial into evidence pursuant to CRE 804(b)(1). Pursuant to § 13–25–129, C.R.S. (1986 Cum.Supp.), the prosecution also sought to introduce into evidence various out-of-court statements made by the victim to others describing the alleged act of sexual contact.

Over defendant's objection, the trial court ruled that the victim was unavailable to testify, and that such evidence would be admissible. At defendant's third trial, the transcript of the victim's testimony on direct and redirect examination at the second trial was read into evidence by the prosecuting attorney, and defense counsel read into evidence excerpts from the transcripts of the victim's testimony on cross-examination at both the first and second trials. In addition, the victim's grandmother, her natural father, and a mental health worker all testified to various statements made by the victim to them several days after the alleged incident occurred describing the act of sexual contact charged.

## I.

Defendant contends that the trial court erred by admitting the victim's former testimony and her other hearsay statements into evidence because the prosecution failed to show that the victim was unavailable as a witness. Specifically, defendant argues that the prosecution's failure to use the provisions of a statute adopted by both Colorado and Texas, which enabled it to subpoena the victim in Texas to testify in Colorado, precluded a finding that the victim was unavailable as a witness. Under the circumstances of this case, we disagree.

■ The victim's former testimony was admissible as an exception to the hearsay rule only if she was "unavailable as a witness" for the third trial. See CRE 804(b)(1). Similarly, since the victim did not testify at the third trial, her hearsay statements to her grandmother, her father, and the mental health worker were admissible only if she was then "unavailable as a witness." See § 13–25–129(1)(b)(II), C.R.S.

(1986 Cum.Supp.). Furthermore, satisfaction of defendant's constitutional right to confrontation in connection with the admission of this evidence also required the prosecution to establish the victim's unavailability for the third trial. See People v. Madonna, 651 P.2d 378 (Colo.1982); People v. Mathes, 703 P.2d 608 (Colo.App.1985).

■ Unavailability the constitutional sense is established by the prosecution when it shows that good faith, reasonable efforts have been made to produce the witness for trial, but without success. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); People v. Dement, 661 P.2d 675 (Colo.1983). Under CRE 804(a)(5), the victim could be considered "unavailable" if the prosecution established that it was unable to procure her attendance at the third trial "by process or other reasonable means."

In every criminal case, both the prosecution and the defendant have the right to compel the attendance of witnesses through service of a subpoena. Section 16–9–101, C.R.S. (1986 Repl.Vol. 8A). If the witness lives in another state which has adopted the Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, the party offering the testimony may seek a court summons in the other state ordering the witness to attend. Sections 16–9–202 and 16–9–203, C.R.S. (1986 Repl.Vol. 8A); Tex. Code Crim.Proc.Ann. art. 24.28 (Vernon 1965); People v. McCabe, 37 Colo.App. 181, 546 P.2d 1289 (1975).

■ If, instead, the prosecution seeks to offer the witness' properly cross-examined prior testimony because the witness is unavailable, the prosecution must make the good faith showing required by Ohio v. Roberts, supra, only if the witness' location is known. Dres v. Campoy, 784 F.2d 996 (9th Cir.1986). Even then, good faith may not require the exhaustion of every possible means of securing the witness' presence, especially if the means available appear futile, the witness may be in a position to frustrate efforts to compel her attendance, or insufficient time before trial

prevents use of the Uniform Act. *See Ohio v. Roberts, supra; Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Isaac v. Perrin*, 659 F.2d 279 (1st Cir.1981); and *State v. Young*, 20 Ohio App.3d 269, 485 N.E.2d 814 (1984).

■ If the record shows that the defendant, at an earlier proceeding, had an opportunity to cross-examine the witness effectively and completely, and the trial court, based on the facts, finds that the prosecution made a good faith, reasonable effort to procure the witness' attendance, an appellate court should not disturb the ruling. *Duran v. People*, 156 Colo. 385, 399 P.2d 412 (1965); *People v. Fink*, 37 Colo.App. 512, 552 P.2d 529 (1976).

In this case, the prosecution had successfully procured the attendance of the victim and her custodial parents from another state for their testimony at defendant's earlier trials twice within the previous six months, both times without the use of an enforceable out-of-state subpoena. Prior to defendant's third trial, the prosecution again contacted the victim's custodial parents, then living in Texas, and similarly attempted to secure the child's attendance for that trial through voluntary means. The record also shows that the prosecution unsuccessfully attempted to serve Colorado subpoenas on the child and her custodial parents in Texas for their appearance at defendant's third trial.

Nevertheless, just two days before defendant's third trial, the victim's custodial parents formally notified the prosecution that they "absolutely refused" to return the child to Colorado to testify again. Among other reasons, they asserted that the child was just then recovering from the nightmares and other detrimental effects of her two previous experiences in testifying in this matter, and that they would not allow it to happen again.

At that late date, the prosecution did not attempt to compel the attendance of the child at the third trial by use of the provisions of the Uniform Act. *See* § 16–9–201, et seq., C.R.S. (1986 Repl.Vol. 8A); Tex. Code Crim.Proc.Ann. art. 24.28 (Vernon 1965). The prosecution would have had to present its case at a hearing in Texas and had no assurance that a trial court there would have issued a summons ordering the custodial parents to deliver the child for the trial in Colorado.

■ Here, the trial court ruled that, in light of the child's age and her custodial parents' adamant refusal to bring her back to testify, it would be a "useless act" to require the prosecution to attempt to subpoena the child by means of § 16–9–203, C.R.S. (1986 Repl.Vol. 8A), because it was unrealistic to expect the statutory procedure to be effective in compelling the child's attendance without the cooperation of her custodial parents. In addition, the child had been thoroughly cross-examined by defense counsel in both of defendant's previous trials. Under these circumstances, we perceive no abuse of discretion in the trial court's ruling that the child was unavailable as a witness for the third trial. *Duran v. State, supra.* Accordingly, the child's former testimony and her other hearsay statements were properly admitted into evidence.

## II.

Defendant also contends that the trial court erred in considering as aggravating sentencing factors the cost to the taxpayers of the defendant's trials and the fact that he acted alone. We agree that these were improper considerations in sentencing, but we conclude that the sentence imposed nevertheless was justified by the record. See § 18–1–409(3), C.R.S. (1986 Repl.Vol. 8B).

The trial court sentenced the defendant on May 28, 1985, to a term of eight years for this class four felony, the maximum sentence authorized in the aggravated range for this offense. *See* §§ 18–3–405, 18–1–105(1)(a)(I), and 18–1–105(9)(a), C.R.S. (1986 Repl.Vol. 8B). Since the defendant was on parole for another felony at the time of the commission of this offense, the court was required to sentence the defendant to a term in the aggravated range pursuant to § 18–1–105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B).

■ In determining the exact number of years that should be served within the

aggravated range, the court considered numerous aggravating and mitigating factors. Recited among the aggravating factors considered were "the expense to the judicial system, to the state of Colorado, to the taxpayers" and the fact that the defendant was "the sole individual involved" in perpetrating the crime. Since defendant had a fundamental right to require the prosecution to prove every element of the case, consideration of the cost of his trials in imposing the sentence was improper. *See People v. Janke,* 720 P.2d 613 (Colo.App.1986). The fact that he acted alone in committing this offense was not relevant to aggravation and was also improperly considered to be an aggravating factor.

However, the record indicates that these improper factors were only a small part of the trial court's sentencing considerations. Among the other aggravating factors considered by the court were: that the offense for which the defendant was on parole was the same type of crime, indicative of the strong likelihood that the defendant would again commit such an offense if given the opportunity; the defendant's lack of remorse; the harm to the victim and her vulnerability to such an offense; and the defendant's violation of the trust of his neighbors and friends by the assault on their daughter. Inasmuch as the trial court was obliged to impose a sentence in the aggravated range, these were proper factors to consider in determining the number of years to impose within that range. Accordingly, we find no abuse of discretion in the trial court's imposition of this sentence. *See People v. Beland,* 631 P.2d 1130 (Colo.1981); *People v. Piro,* 671 P.2d 1341 (Colo.App.1983), *overruled on other grounds, People v. Walker,* 724 P.2d 666 (Colo.1986).

Judgment and sentence affirmed.

SMITH and STERNBERG, JJ., concur.