413 P.2d 805

STATE of Utah, Plaintiff and Respondent,

v.

Adonis Roger BURCH and Kenneth Dale
Hulse, Defendants and Appellants.

No. 10408.

Supreme Court of Utah.

May 4, 1966.

James F. Housley, Salt Lake City, for
appellants.

Phil L. Hansen, Atty. Gen., Ronald N.
Boyce, Asst. Atty. Gen., for respondent.

HENRIOD, Chief Justice.

Appeal by defendant Burch only from a
second degree burglary conviction after a
jury trial. Affirmed.

One evening the comptroller of a ma-
chinery company left the premises after
locking his own office and the company's
door at 5:30 p. m. His office had a vault
in which there was a safe. The janitor
was the only person authorized to enter the

former's office. The janitor looked the office area over at 10:15 p. m., checked the doors and observed that no one was around.

At 12:30 a. m. a special patrolman checked the premises, after having checked it three times before. He entered the building, heard pounding, observed that the window of the comptroller's office was broken, called the police, then saw three men running out of the office area, defendant and one of the others running into a rest room where they were apprehended minutes later by the police. Defendant was identified by the special officer, who had fired at him and his companion as they ran by.

There was a walkie-talkie and a pair of gloves in the rest room where defendant was apprehended. Two sledge hammers, a flashlight and a pinch bar were found in the comptroller's office. Plaster was chipped from the office wall adjacent to the vault, leaving an exposure of bricks in the wall about 10 inches in diameter. Dust and debris were scattered about the room, and the glass in the door to the office was broken.

The comptroller testified that this condition did not exist at 5:30 p. m., nor did it exist at 10:15 p. m., according to the janitor. It was uncontroverted that no one other than these two was authorized to enter the building at those times.

■ Defendant says the information was insufficient to support the conviction. We think there is no merit in this contention, since it contained the name of the offense and the statute under which it was drawn.[1] Besides, no timely objection was made to the information as filed.

■ He says further that the evidence did not support the verdict, because it did not establish the mode or time of entry, nor the intent of defendant. An examination of the evidence indicates that all three were shown by strong circumstantial evidence,[2] —the defendant, incidentally having been caught "red handed."

■ Again, he asserts it was error to admit demonstrative evidence by a police officer as to how the entry could have been executed. We think there was no error under the facts of this case, but that if there were, certainly it was not prejudicial.

■ As to defendant's contentions that the court erred in giving some and refusing other instructions, they are without merit. The instructions, taken as a whole, covered the case thoroughly and without prejudice.

■ Lastly, that the court erred in refusing to put defendant on probation, is to

1. State v. Courtney, 10 Utah 2d 200, 350 P.2d 619 (1960).

2. See Clark and Marshall, Crimes, 6th Ed., 879; State v. Gatewood, 169 Kan. 679, 221 P.2d 392 (1950).

attack the intelligence and discretion of the court after the jury's verdict in this case, and needs no discussion here.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.