**Benny J. GALLEGOS, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

No. 13389.

Supreme Court of Utah.

Sept. 24, 1974.

Phil L. Hansen of Phil L. Hansen & Associates, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Benny J. Gallegos, who is serving a term in the Utah State Prison pursuant to a conviction of rape, appeals from a judgment of the district court denying his release in habeas corpus proceedings. His petition was based upon an allegation that the victim had falsified at his original trial. After two separate hearings before the district court, findings were made against him and his petition was denied.

The principal error claimed is that upon the second hearing, the court admitted in evidence the transcript of the testimony of the victim, which had been taken at the first hearing.

Some months after the petitioner had been convicted by a jury and committed to the State Prison, his former wife and two of his sisters observed the rape victim, Roselyn Lewis, in a downtown store. In a conversation with them she allegedly admitted that she had testified falsely in Benny's trial. She was asked to sign a statement. But his sister, Gloria Gallegos, who testified concerning this incident, said

that she appeared to be nervous and that it was difficult for her to write. So the statement was written on the back of an envelope, which the victim signed. Based upon this, a petition for writ of habeas corpus was filed in the district court; and a hearing thereon was held before District Judge Leonard W. Elton. The victim at that time stated that she had signed the recantation out of fear imposed by petitioner's relatives; but that her testimony at the trial had been true. Despite contrary testimony given on that point, Judge Elton announced from the bench his decision rejecting the petition. But he passed away before signing findings and judgment.

After some subsequent abortive proceedings in the federal court, another hearing was had before Judge D. Frank Wilkins of our district court. At the time of that hearing, it was indicated that, although efforts had been made to locate the victim, she could not be found. On the basis of her unavailability, the transcript of her testimony at the prior hearing before Judge Elton was admitted in evidence. Again in this hearing, Judge Wilkins resolved the disputes in the evidence against the plaintiff, and made findings and judgment rejecting petitioner's contentions.

The controversy concerning the admission of the transcript of the testimony of the victim Roselyn Lewis given in the prior proceeding focuses upon the following portions of Rule 63 of the Utah Rules of Evidence:

Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except: (1) . . . (2) . . .

(3) Depositions and Prior Testimony.

(a) . . .

(b) if the judge finds that the declarant is unavailable as a witness at the hearing, testimony given as a witness in another action or in a deposition taken in compliance with law in another action, when

(i) . . .

(ii) the issue is such that the adverse party on the former occasion had the right and opportunity for cross-examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered.

The petitioner's argument is that he was denied due process of law in not being accorded the right of confronting the witnesses against him. Particularly, that the State did not meet the conditions of Rule 62(7)(e), Utah Rules of Evidence, relating to unavailable witnesses: that the witness be "absent from the place of hearing because the proponent . . . does not know *and with diligence has been unable to ascertain his whereabouts.*" [Emphasis added.]

In urging that it was not shown that the State had exercised diligence in attempting to find the victim, petitioner places some reliance on a list of steps recited as having been taken in Poe v. Turner,[1] which he insists sets the pattern as what should have been done here. It is true that many and various things might be done in attempting to locate a witness. Neither those listed in the Poe case nor, we assume, any other case, would be all inclusive or exclusive. The requirement is simply that the trial court be persuaded that the party (the State) has acted in good faith and with reasonable diligence and is unable to locate and bring the witness to the trial. The rule of review is comparable to that in most situations wherein it is the prerogative of the trial judge to make the determination. That is: he is allowed considerable latitude of discretion; and that his ruling

1. Poe v. Turner, 353 F.Supp. 672 (U.S.D.C., District of Utah, 1972). See also, Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972).

will not be reversed in the absence of a showing of clear abuse thereof.[2]

In this case representations were made to the court that a search had been made, that bench warrants had been issued, and that the victim could not be found. In fact petitioner's own counsel did not disagree with, but rather joined in such representations. Accordingly, there was ample basis for the finding of unavailability. It also appears that the other requisites of Rule 63(3) quoted above are satisfied: That the prior hearing was for the same purpose; and that the petitioner and his counsel "had the right and opportunity for cross-examination with an interest and motive similar" to that in the present proceeding; and in fact availed themselves fully of that opportunity for cross-examination.

There having been shown no error or impropriety in the proceedings, or in the findings and judgment of the trial court, they are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

2. Cf. Del Porto v. Nicolo, 27 Utah 2d 286, 495 P.2d 811; Barker v. Dunham, 9 Utah 2d 244, 342 P.2d 867; Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504.