552 P.2d 529 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Michael Anthony FINK, Defendant-Appellant.
No. 75-223.
Colorado Court of Appeals, Div. II.
April 22, 1976.
Rehearing Denied May 13, 1976.
Certiorari Granted August 3, 1976.
*530 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Robert C. Lehnert, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Epstein, Lozow & Preblud, P.C., Gary Lozow, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
Michael Anthony Fink, defendant, appeals from a conviction of criminally negligent homicide under § 18-3-105(1)(a), C. R.S.1973. We reverse.
Defendant was charged with murder in the second degree following a barroom brawl which resulted in the death of Lawrence Claus. On the night in question, defendant and three of his friends were celebrating his forthcoming wedding which was planned for the following day. The four parties had moved from bar to bar, drinking and playing pool throughout the evening. At approximately midnight defendant and his friends arrived at the Trucker's Bar, where two of the parties began playing pool. An altercation arose between defendant and Mr. Claus, a patron of the bar, over whose quarter was first placed on the pool table indicating who was next in line to play pool. Within moments the defendant's three friends also became involved. The brawl itself lasted only a matter of seconds, Mr. Claus fell to the floor having been stabbed and slashed several times, and defendant and his friends ran from the bar. It was undisputed that Mr. Claus died within 20 seconds from a stab wound to the chest.
The victim was an extremely large man, approximately 6'4" and 260 pounds, while defendant was considerably smaller, approximately 5'10" and 150 pounds. Several of the prosecution's witnesses, including defendant's three friends, testified that Mr. Claus struck the first blow, knocking defendant to the floor. Defendant testified that the blow resulted in a cut over his eye and the loss of his glasses, that he saw the large shape of the victim advancing at him again, and that he then drew his knife and slashed at him. The testimony indicated that although no one in the bar saw a knife, when defendant was advised that the victim had suffered a knife wound, he told his friends, "I cut him."
The jury was instructed on the charge of murder in the second degree and the lesser included offenses of manslaughter and criminally negligent homicide. The jury returned a guilty verdict on the charge of manslaughter under § 18-3-104(1)(a), C. R.S.1973, and defendant was duly sentenced. Subsequently the Supreme Court determined that this section of the manslaughter statute was unconstitutional. People v. Calvaresi, Colo., 534 P.2d 316. The trial court then set aside the sentence, vacated the jury verdict on this charge, and entered a judgment of guilty to criminally negligent homicide and resentenced defendant.
Defendant alleges that the trial court erred in failing to instruct the jury that self defense was an affirmative defense to manslaughter and to criminally negligent homicide as that offense is defined by § 18-3-105(1)(a), C.R.S.1973. It is undisputed that defendant's major defense was that the victim had struck the first blow and defendant was in fear of serious bodily injury when he slashed at the victim with his knife. Defendant testified that he slashed at the victim in order to make him back up, and that he was unaware of whether he had in fact cut the victim.
The People argue that manslaughter and criminally negligent homicide result from negligent acts or omissions by the defendant and that thus self defense, which indicates an intentional act, is unavailable as an affirmative defense. We disagree with this analysis.
Self defense is a complete defense to culpability. If a defendant reasonably believes that the victim was using or about to use unlawful physical force on the defendant *531 or a third person and in response thereto uses a force which he reasonably believes necessary to defend himself or a third person, then, even though the force used results in death, it is considered in the eyes of the law as justifiable homicide and the law imposes no penalty. Section 18-1-704, C.R.S.1973; see People v. La Voie, 155 Colo. 551, 395 P.2d 1001; Commonwealth v. Mahoney, 460 Pa. 201, 331 A.2d 488; State v. Dooley, 285 N.C. 158, 203 S. E.2d 815.
In the case at hand, the instructions, read as a whole, could well have confused the jury into believing that even if they found that defendant acted reasonably and justifiably in causing the death of the victim, they could only enter a "not guilty" verdict to the charge of second degree murder. Thus the failure of the trial court to instruct the jury that self defense was a defense to the lesser included offenses was reversible error.
Since we must reverse the conviction and remand for a new trial we will deal with defendant's contention that his Sixth Amendment right to confrontation was violated when the trial court admitted into evidence a transcript of his preliminary hearing. We do not agree with defendant's contention.
There is a well-recognized exception to the right to confrontation which permits the admission into evidence of a transcript of a prior judicial proceeding where the witness is presently unavailable and defendant, at the earlier proceeding, had an opportunity to, and exercised his right to, effective and complete cross-examination. Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293. The United States Supreme Court has specifically included a transcript from a preliminary hearing within this exception to the confrontation clause; however, prior to admission the state must, in order to meet the "unavailability" requirement, prove that it made a good faith effort and exercised due diligence to secure the presence of the witness at trial. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. What constitutes "due diligence" is a matter residing in the sound discretion of the trial court, and its ruling will not be disturbed without a clear showing of an abuse of discretion. Duran v. People, 156 Colo. 385, 399 P.2d 412.
Here, defendant thoroughly and adequately cross-examined the witness at the preliminary hearing, and rests his argument on the ground that the People did not meet the "due diligence" requirement. The record discloses that the witness had been personally served with subpoena and that when the trial was continued at defendant's request, a letter was sent to notify the witness of the change in dates. This letter was returned undelivered, and the prosecution then initiated efforts to locate the witness. It was determined that the witness had married a farmer in Kansas, and the deputy sheriff at that location was contacted. Thereafter, substantial local inquiries seeking to locate the witness were made in Denver and in Kansas; however, since her new married name was unknown, the inquiries were unsuccessful. Although defendant urges that the People could have checked with the marriage license bureau, we note that there is no indication in the record as to where the witness was married, and we find this defect in the investigation insufficient for a finding that due diligence was not pursued. See also Quintana v. People, 168 Colo. 308, 451 P.2d 286. Therefore, the trial court did not abuse its discretion in finding that the People utilized a good faith effort to locate the witness, and exercised due diligence in its attempts; hence, there was no error in the admission of the preliminary transcript.
In addition, the defendant argues that the trial court erred in advising the *532 defendant, in front of the jury, of his constitutional rights under the Fifth Amendment, at the time he chose to waive those rights and testify. We find no error in this procedure; however, if such advisement is given, we believe the better practice would be to do so out of the presence of the jury.
We have considered the allegations concerning the jury instructions and find them to be without merit. By reason of the fact that this matter is remanded for a new trial we need not consider the other alleged errors.
The judgment is reversed and the cause is remanded for a new trial.
SILVERSTEIN, C. J., and RULAND, J., concur.