No. C-1398

Raymond R. Flores v. The People of the State of Colorado

(593 P.2d 316)

Decided December 26, 1978. Opinion modified and as modified rehearing denied February 5, 1979.

---

Robert T. Page, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to review the Colorado Court of Appeals' opinion which held that use of the victim's testimony, recorded at the preliminary hearing, as evidence at trial did not violate the defendant's Sixth Amendment right to confront and cross-examine adverse witnesses. *Flores v. People,* 39 Colo. App. 556, 575 P.2d 11 (1977). We reverse.

The petitioner, Raymond Flores, was convicted of robbery. Father Dudley testified at the preliminary hearing that the petitioner came to St.

Elizabeth's rectory on November 30, 1975 and demanded money; and that when he refused that request, petitioner forcibly seized a radio and left. Father Dudley was dying of leukemia and unavailable to testify at trial on July 19, 1976. The district court admitted a transcript of his testimony at the preliminary hearing into evidence. The jury returned a guilty verdict, and judgment was entered thereon.

The court of appeals affirmed, ruling that, since the petitioner had cross-examined Father Dudley at the preliminary hearing, introduction of his recorded testimony at trial did not violate petitioner's right to confront adverse witnesses.

The record reveals the following facts relevant to the issue of Father Dudley's availability. Originally, trial was set for March 24, 1976. On that date, while obtaining a continuance, the prosecutor informed the district court that Father Dudley might have cancer and had been sent to a hospital in Buffalo, New York. The defendant next appeared in court on March 31, 1976 when he refused to accept a plea bargain which had been negotiated by counsel. Trial was scheduled for May 5, 1976. On April 27, 1976, the prosecutor informed the district court that Father Dudley would not be available for a May 5, 1976 trial since he had to return to New York for treatment of leukemia. After the defendant waived his right to a speedy trial on May 3, 1976, the district court rescheduled the trial for July 19, 1976. On the day set for trial, the prosecutor learned that Father Dudley was in St. Joseph's hospital in critical condition as a result of complications due to his leukemia.

Relying heavily upon *People v. Fink,* 37 Colo. App. 512, 552 P.2d 529 (1976) the district court found that the district attorney had exercised due diligence in attempting to secure Father Dudley's testimony at trial.

The court of appeals noted that Father Dudley was hospitalized and unable to testify at trial. The court of appeals also relied upon *People v. Fink, supra,* in determining that the preliminary hearing testimony could be introduced at trial.

The *Fink* case, *supra,* raised the question whether the defendant's right to confrontation was violated by admission into evidence at trial of the transcript from the preliminary hearing. The opinion turned on whether the state had shown that the witness was unavailable, a prerequisite to admission of the preliminary hearing testimony. Evidence indicated that the state had unsuccessfully sought to locate a witness who had moved and whose new married name was unknown. The court of appeals held that the trial court had not abused its discretion in finding that the state had exercised due diligence to locate the witness.

The *Fink* case, *supra,* does govern a preliminary question in this case concerning whether Father Dudley was unavailable to testify at trial. Both the district court and court of appeals correctly decided that he was not able to appear in court. However, that should not have been the end of

inquiry into the district attorney's diligence as the facts here present another, more difficult question regarding the preservation of Father Dudley's testimony, *i.e.*, the district attorney's possible lack of diligence in not taking the priest's deposition. This issue is one of first impression in Colorado and was not raised by the facts of *People v. Fink, supra.*

Approximately four months elapsed between the times that the district attorney first informed the district court that Father Dudley might have cancer and the date when the prosecutor requested admission of the preliminary hearing transcript because he was unavailable to testify. Although the record shows that Father Dudley was out of town for diagnosis and treatment at times, it also shows that the district attorney knew his whereabouts during the four-month period. It does not appear from the record that the district attorney made any effort to preserve Father Dudley's testimony by deposition as he might have done.

In light of these facts and of the district attorney's knowledge that Father Dudley suffered from a potentially terminal illness whose course could not readily be predicted, we rule as a matter of law that this failure to take a deposition constituted lack of due diligence.

Where a party seeking to introduce testimony from prior judicial proceedings has notice of facts which probably would render a witness unavailable on the day of trial, that party has a duty to pursue means of preserving the witness' testimony. Under the facts here, a showing that due diligence was exercised to perpetuate such testimony was a prerequisite to consideration of the admissibility of testimony recorded at prior judicial proceedings. Merely showing that the witness' reasonably foreseeable inability to appear at trial had in fact come to pass will not suffice.

Believing that all prerequisite showings of due diligence had been made, the defendant argued that the limited scope of preliminary hearings in Colorado should prevent admission of preliminary hearing testimony even if the witness was truly unavailable.[1] In light of our ruling above, we need not reach this issue. *People v. Fink, supra,* did not address it. Consequently, the holding of *Hunter, supra,* footnote 1, is not affected here or by *Fink.* We leave undecided the question as to how the nature, scope and extent of preliminary hearings in Colorado affects the admissibility in subsequent proceedings of testimony there taken.

We reverse and return the cause to the court of appeals for remand with directions consistent with the views expressed in this opinion.

MR. JUSTICE KELLEY does not participate.

---

[1] Under Colo. R. Crim. P. rule 7(h), the preliminary hearing in Colorado is limited to a determination whether there is probable cause to believe that a crime was committed and that the defendant committed it. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975).