**STATE of Utah, Plaintiff and Respondent,**

v.

**William Silas CASE, Defendant and Appellant.**

**No. 860201–CA.**

Court of Appeals of Utah.

April 15, 1987.

Certiorari Denied July 13, 1987.

Alan K. Jeppesen, Tooele, for defendant and appellant.

David L. Wilkinson, Atty. Gen., David B. Thompson, Asst. Atty. Gen., for plaintiff and respondent.

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

## OPINION

DAVIDSON, Judge:

Defendant was convicted of the crime of aggravated assault, a Felony of the Third Degree, in the District Court and was sentenced to confinement in the Utah State Prison for the statutory period. Defendant appeals claiming the trial court erred in admitting evidence obtained in a warrantless and unreasonable search and seizure. He also claims it was error to allow the preliminary hearing testimony of the absent victim to be used in trial. We reverse and remand.

William Silas Case, a long haul trucker, was proceeding east on Interstate Route 80 during the early morning hours of February 6, 1986. Severe weather conditions caused him to exit the road at a truck stop in Lakepoint, Tooele County, Utah. Case subsequently took a room at the Oquirrh Motor Inn in Lakepoint under the name Bill Freeman.

At approximately 9:30 p.m. on the same day, the motel's resident manager was telephoned by another guest who reported what sounded like screaming coming from the room registered to Case. The manager contacted defendant by telephone and the latter reported he had a "crazy woman" in his room and that the manager should contact the police. Shortly after the conversation with defendant, the victim, Suzzanne McPerrson, appeared in the manager's apartment nude and bleeding from cuts. The manager and her husband rendered

first aid to the victim. During this time period the police were notified.

Four members of the Tooele County Sheriff's Office responded to the report. Defendant met the officers on the second floor balcony outside of his room. After ascertaining that defendant wasn't armed and without asking his permission nor obtaining a search warrant, the officers entered his room and obtained evidence.

The trial record indicates the victim had a practice of hitchhiking with truckers as she traveled around the country. Upon her arrival at the truck stop she contacted defendant by CB radio and he gave her shelter in his motel room. Alcoholic beverages were purchased and consumed by both victim and defendant. After a struggle, the victim ran from defendant's room into the manager's apartment. She subsequently told one of the officers that defendant had tried to kill her. Defendant claimed the victim was attempting suicide which he tried to prevent.

Ms. McPerrson was personally served a subpoena while in the hospital. She appeared and gave testimony at the preliminary hearing. At the conclusion of that proceeding, the victim was given a tentative trial date by the criminal legal secretary for the Tooele County Attorney. The victim left an address and telephone number in Mobile, Alabama. She was mailed a subpoena at the Mobile, Alabama address which was acknowledged by telephone. Between the preliminary hearing and the date set for trial, the victim contacted the secretary approximately eight times. On each occasion she indicated a willingness to voluntarily appear at trial. On the morning of the trial, the victim telephoned and stated she would not be present. Because of the victim's absence the trial court allowed the cassette recording of her preliminary hearing testimony to be played before the jury, over the objection of defense counsel. The conviction and this appeal ensued.

The trial record does not contain any information concerning the content of the victim's testimony at the preliminary hearing other than it was played to the jury.

The cassette was admitted into evidence, likely taken into the jury room during deliberation and may have been played there as well as during the trial.

■ The crux of this case can be found in Utah R.Evid. 804(b)(1), which permits the recorded testimony of an unavailable witness to be used if it was given at another hearing of the same or different proceeding and if the opposing party had an opportunity to develop the testimony through cross examination. Rule 804(a)(5) defines "unavailability" in part as the witness being absent and "the proponent of his statement has been unable to procure his attendance by process or other reasonable means."

Although the Tooele County Attorney's Office personally served the victim with a subpoena to insure her attendance at the preliminary hearing, that office did not do so for the trial. It is not denied that the prosecutor attempted to keep close contact with Ms. McPerrson while she was in Alabama during the period between the preliminary hearing and the trial. A subpoena was sent by mail which was acknowledged by the victim. The numerous telephone calls all caused Tooele County to believe this critical witness would appear. But, the prosecutor's mailing of a subpoena was not effective service. At his disposal was the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, Utah Code Ann. § 77-21-1 et seq. (1982). This was not used.

The Utah Supreme Court, in *State v. Chapman*, 655 P.2d 1119, 1122 (Utah 1982), stated that use of the Uniform Act is permissive. However, that Court also indicated a preference for the Uniform Act if the state "receives a clear message" that the out-of-state witness won't comply with the mailed subpoena and appropriate assurances to secure voluntary compliance might not be effective. Here, the state's efforts to ensure the victim's attendance at the trial would appear to be thorough and in good faith. The mailed subpoena and the numerous telephone contacts indicate a

concern on the part of the prosecutor that the witness in fact be present.

Defendant could *only* be found guilty through the victim's testimony that he stabbed her and that she was not in the process of trying to end her life. The right of confrontation is most critical in a situation such as this. Two conflicting stories are told with little or no corroborative evidence available. The jury must decide whom to believe. It is vitally important that the witness be present and subject to cross examination in the presence of the jury. The use of an audio tape of prior testimony without corroboration deprived defendant of his right of confrontation under the 6th Amendment of the U.S. Constitution and Article 1 Section 12 of the Utah State Constitution. There was nothing and no one to confront. If this tape was taken into the jury room and was played, there is an additional erroneous deprivation of the right of confrontation and an over reliance on the testimony by the jury. While we believe the permissive use of the Uniform Act should continue to be the norm in Utah, this is a situation in which the prosecution should have used it. Ms. McPerrson's lifestyle and nomadic habits make it clear that she possessed the potential to disappear or refuse to appear for trial. The prosecutor was aware of the distance the victim would have to travel to be present. Her financial condition evidenced a distinct lack of funds with which to travel. On balance, the prosecutor should have been wary of this witness despite her telephone assurances. The use of the Uniform Act would have been the proper procedure to apply and, without its use, the prosecutor did not make use of the "reasonable means" required to meet the definition of "unavailability."

We need not analyze the second prong of the test which determines whether the testimony of an absent witness may be admitted. We have already determined the victim was not "unavailable", therefore, whether such testimony bore sufficient indicia of reliability is not addressed. *State v. Brooks*, 638 P.2d 537 (Utah 1981).

Because we remand for a new trial, the issue of the propriety of using evidence taken from the motel room is examined. The State, in its appellate brief, concedes there is some question whether the evidence obtained in the warrantless search of defendant's room should have been suppressed pursuant to Utah R.Crim.P. 12(g). We agree that there were no exigent circumstances present that necessitated an entry into the motel room without a search warrant. *State v. Harris*, 671 P.2d 175, 179 (Utah 1983). The trial record shows Case was on the balcony outside of the room when the police arrived. He was unarmed and cooperative. In this situation the officers should have attempted to get defendant's permission to enter, or failing that, obtained a search warrant. We hold that the Motion to Suppress evidence taken from the motel room should have been granted.

We reverse and remand to the District Court for a new trial on the matter.

JACKSON and GREENWOOD, JJ., concur.